# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OLGA HERNANDEZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JERROD MALEK COPE, ) <br> individually and as agent of DECKER ) <br> TRUCK LINES, a foreign corp.; and ) <br> GREAT WEST CASUALTY, a ) <br> foreign corp. ) <br> ) <br> Defendants. ) | Case No. CIV-19-436-G |

## ORDER

Now before the Court is Plaintiff's Motion to Remand to State Court (Doc. No. 12), filed in this matter on July 24, 2019. Having reviewed Plaintiff's Motion and the relevant record, the Court denies the Motion.

### BACKGROUND

Plaintiff initiated this action in the District Court of Oklahoma County, Oklahoma, against Defendants Great West Casualty and Jerrod Malek Cope, individually and as an agent of Decker Truck Lines. *See* Notice of Removal (Doc. No. 1) at 1; Pet. (Doc. No. 1-2) at 1. On May 13, 2019, Defendant Great West Casualty filed a Notice of Removal in which it asserted that this Court had subject matter jurisdiction over this action pursuant to title 28, section 1332 of the United States Code. *See* Notice of Removal at 1. Defendant Great West Casualty additionally stated that the other named defendants were not required to consent to the removal because Plaintiff had not yet filed proofs of service for them. *See*

*id.*; 28 U.S.C. § 1446(b)(2)(A) (prescribing that only the "defendants who have been properly joined and served must join in or consent to the removal of the action").

That same day, Defendant Great West Casualty sought dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Def.'s Mot. Dismiss (Doc. No. 4). Plaintiff confessed the motion, and the Court granted the dismissal of Defendant Great West Casualty from this action. *See* Pl.'s Resp. (Doc. No. 6); Order of July 24, 2019 (Doc. No. 11). Following this dismissal, Plaintiff filed the instant motion, asserting that remand is required because the sole defendant who sought removal has been dismissed. *See* Pl.'s Mot. at 1-2.

## DISCUSSION

In his Motion, Plaintiff does not argue that removal was improper in the first instance. Nor does Plaintiff dispute the representations, contained in the Notice of Removal, that there is complete diversity of citizenship and that the sum demanded in Plaintiff's pleading exceeds $75,000. *See* Notice of Removal at 2. Rather, Plaintiff requests remand because "no other parties are present in the current litigation that requested removal or that have asserted that this Court has jurisdiction." Pl.'s Mot. at 1-2.

Insofar as Plaintiff is arguing that the removal of this action was rendered procedurally defective by the failure of the remaining defendants to affirmatively consent to removal or to demonstrate the propriety of removal after Defendant Great West Casualty's dismissal, Plaintiff's argument is unavailing for two reasons. First, the federal removal statutes require that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the

notice of removal." 28 U.S.C. § 1447(c); *see Farmland Nat'l. Beef Packing Co., L.P. v. Stone Container Corp.*, 98 F. App'x 752, 756 (10th Cir. 2004) (explaining that "lack of unanimous consent is a procedural defect, not a jurisdictional defect"); *see also* Notice of Removal at 1-3 (filed May 13, 2019). Because Plaintiff did not file his Motion until July 24, 2019, Plaintiff's procedural argument is untimely.

Second, the argument lacks merit. Under the federal removal statutes, the procedure for removal requires the consent of only those defendants "who have been properly joined and served" at the time removal is sought. 28 U.S.C. § 1446(b)(2)(A). While a "defendant upon whom process is served after removal" has a "right to move to remand the case," 28 U.S.C. § 1448, the statutes do not impose any additional requirement upon those defendants, or upon unserved defendants, to consent to or affirmatively demonstrate federal jurisdiction after the action has been properly removed. Plaintiff offers no authority suggesting that the dismissal of the removing defendant alters that fact. *See Lewis v. Rego Co.*, 757 F.2d 66, 69 (3d Cir. 1985) ("[T]he removal statute contemplates that once a case has been properly removed the subsequent service of additional defendants who do not specifically consent to removal does not require or permit remand on a plaintiff's motion."); *accord Klima Well Serv., Inc. v. Hurley*, No. 14-1250-SAC, 2014 WL 6819463, at *3 (D. Kan. Dec. 2, 2014).

Plaintiff additionally asserts that the dismissal of Defendant Great West Casualty deprived the Court of subject matter jurisdiction because it "will likely change the amount in controversy listed in Plaintiff[']s Petition." Pl.'s Mot. at 2. Yet, section 1446(c)(2) prescribes that generally "the sum demanded in good faith in the initial pleading shall be

3

deemed to be the amount in controversy." 28 U.S.C. 1446(c)(2).[1] In this case, Plaintiff's Petition alleges damages exceeding $75,000. *See* Pet. at 2. "Once jurisdiction has attached," as it has here, "events subsequently defeating it by reducing the amount in controversy are unavailing." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998); *see St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290-91 (1938) ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction."); *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) ("We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events."); *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006) ("It has long been the rule that the jurisdiction of the Court depends upon the state of things at the time of the action brought, and that after vesting, it cannot be ousted by subsequent events." (internal quotation marks omitted)); *see also* 14C Charles Alan Wright, et al., *Federal Practice and Procedure* § 3725.2 (4th ed. 2019) ("Once a case that was initiated in state court has been removed properly, subsequent events that reduce the amount recoverable . . . will not defeat the federal court's subject-matter jurisdiction.").

Because Plaintiff does not contest, and the record does not reflect, that removal was improper in the first instance, the Court finds that the matter is properly before this Court.

---

[1] The exceptions to this rule, *see* 28 U.S.C. § 1446(c)(2)(A)-(B), are inapplicable here, as the Notice of Removal does not assert an amount in controversy different from that demanded in the Petition.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand to State Court (Doc. No. 12) is DENIED.

IT IS SO ORDERED this 19th day of September, 2019.

CHARLES B. GOODWIN
United States District Judge